IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNSON PUBLISHING COMPANY, LLC, a Delaware limited liability company, | ) ) ) |
| | ) Civil Action No.: |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BEAUTIFULLY BROWN, LLC, a limited liability company, | ) ) ) |
| and, | ) ) |
| MELANIE YVETTE MARTIN, an individual, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

Plaintiff, JOHNSON PUBLISHING COMPANY, LLC, (hereinafter "Plaintiff" or "JOHNSON PUBLISHING"), for its complaint against BEAUTIFULLY BROWN, LLC and MELANIE YVETTE BROWN (hereinafter "Defendants"), states as follows:

**NATURE OF THE ACTION**

1. In this action, Plaintiff seeks injunctive and monetary relief for acts of unfair competition, trademark infringement and deceptive trade practices. This action arises under the Lanham Act, Title 15, United States Code § 1051, *et seq*., and the statutes and common law of the State of Illinois.

1

**PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 200 South Michigan Avenue, 21st Floor, Chicago, Illinois 60604.

3. Founded in Chicago in 1942 by John H. Johnson, Plaintiff Johnson Publishing Company, LLC is the preeminent publisher of EBONY and JET magazines and owner of FASHION FAIR COSMETICS, a global prestige cosmetic brand for people of color.

4. JOHNSON PUBLISHING offers a variety of media products and services, among other things as set forth in its federal trademark applications, including, but not limited to, fashion, beauty, and lifestyle magazines and other electronic publications and journals featuring beauty, style, and self-image content for African-American women, women of color, and multicultural women ("Plaintiff's Goods and Services").

5. Plaintiff is the owner of three United States trademark applications for the marks BEAUTIFULLY BROWN, U.S. Application No. 86/511,313, BEAUTIFULLY BROWN BY EBONY, U.S. Application No. 86/515,341, and EBONY PRESENTS BEAUTIFULLY BROWN, U.S. Application No. 86/512,948 (hereinafter collectively referred to as the "BEAUTIFULLY BROWN Family of Marks").

6. Upon information and belief, Defendant BEAUTIFULLY BROWN, LLC is a limited liability company of unknown origin[1] with its primary place of business at 1041 Broadway, Brooklyn, New York 11221.

---

[1] The web site located at www.beautifullybrown.com references a company titled BEAUTIFULLY BROWN, LLC. However, Plaintiff has, to date, been unable to locate any State in which the alleged limited liability company is organized.

7. Upon information and belief, Defendant MELANIE YVETTE MARTIN is an individual residing Brooklyn, New York.

8. Upon information and belief, Defendants offer an online journal, namely an Internet blog, involving beauty and style content for multicultural women under the name "Beautifully Brown".

## JURISDICTION AND VENUE

9. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.*, subject matter being conferred on this Court under 15 U.S.C. § 1121, 28 U.S.C. § 1332, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1367.

10. This is an action in which the Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

11. Defendants transact business within this District and have sufficient minimum contacts with the State of Illinois. Defendants have purposefully availed themselves of the benefits of doing business in Illinois by actually transacting business in Illinois, and can reasonably anticipate being haled into court in Illinois as a result of those business transactions.

12. This Court has personal jurisdiction over Defendants pursuant to the Illinois long-arm statute 735 ILCS 5/2-209 and such assertion is in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13. Defendants' acts alleged herein have caused irreparable harm to Plaintiff, whose principal place of business is located in the State of Illinois and within this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants market and offer their services in interstate commerce and within the Northern District of Illinois under the BEAUTIFULLY BROWN service mark and a substantial part of the

events giving rise to the claims set forth herein have occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

*Defendant Ms. Martin's Employment with Plaintiff*

15. On August 1, 2011, Defendant Ms. Martin was hired by Plaintiff Johnson Publishing Company, LLC as an Intern.

16. On August 31, 2012, Defendant Ms. Martin's employment status with Plaintiff Johnson Publishing Company, LLC changed from Intern to Editorial Assistant.

17. On January 30, 2014, Defendant Ms. Martin's employment status with Plaintiff Johnson Publishing Company, LLC changed from Editorial Assistant to Beauty & Style Coordinator for EBONY.COM.

18. As the Editorial Assistant and later as the Beauty & Style Coordinator for EBONY.COM, Defendant Ms. Martin reported to Ms. Kierna Mayo, Editor-in-Chief of EBONY and Vice President, Digital Content for Plaintiff Johnson Publishing Company, LLC.

19. In April of 2013, Defendant Ms. Martin was tasked by her superiors with authoring a weekly column to be published on the EBONY.COM site under the trademark BEAUTIFULLY BROWN.

20. On November 28, 2014, Defendant Ms. Martin voluntarily terminated her employment with Plaintiff Johnson Publishing Company, LLC.

*Plaintiff's Family of BEAUTIFULLY BROWN Marks*

21. On or about March of 2013, Ms. Mayo and Defendant Ms. Martin met to discuss plans for a new column to be published on the EBONY.COM site which would focus on beauty, style and self-image issues for women of color.

4

22. During Ms. Mayo and Ms. Martin's meeting on or about March of 2013, the name BEAUTIFULLY BROWN was chosen for the new column on EBONY.COM.

23. On April 15, 2013, Plaintiff published its inaugural column under the BEAUTIFULLY BROWN trademark. See, Exhibit A attached hereto.

24. On April 25, 2013, Plaintiff purchased the domain name beautifullybrown.com from Internet Registrar GoDaddy.com, LLC in preparation for continued use of its BEAUTIFULLY BROWN mark.

25. Plaintiff is the owner of the following federal trademark applications[2] for its family of BEAUTIFULLY BROWN trademarks and service marks (hereinafter collectively referred to as Plaintiff's "Family of BEAUTIFULLY BROWN Marks"):

| Mark | Ser. No. | Goods/Services |
|---|---|---|
| BEAUTIFULLY BROWN<br><br>Filed: January 22, 2015 | 86/511,313 | Cosmetics; Electronic publications, namely, blogs and online journals featuring beauty content for multicultural women, African American women, and women of color recorded on computer media;<br>Books, newsletters, brochures, and magazines in the field of fashion, beauty, lifestyles, and topics of general interest; On-line journals, namely, blogs featuring information on beauty, style, and self-image of African American women, multicultural women, and women of color; Providing a website featuring blogs and non-downloadable publications in the nature of articles in the field(s) of beauty and lifestyle; (Based on Intent to Use) Entertainment and educational services, namely, exhibitions and workshops in the fields of fashion, beauty, lifestyles, and product sampling; Providing news and information in the field of personal beauty; Providing information by way of the internet in the field of beauty and hair styling, in the form of photographic, audio, and video presentations. |
| BEAUTIFULLY BROWN BY EBONY<br><br>Filed: January 27, 2015 | 86/515,341 | Cosmetics; Electronic publications, namely, blogs and online journals featuring beauty content for multicultural women, African American women, and women of color recorded on computer media; Downloadable written articles in the field of beauty, fashion, style, and self-image for multicultural women, African American women, and women of color; A series of books and written articles in the field of beauty, fashion, style, and self-image about multicultural women, African American women, and women of color; Printed materials, namely, written |

---

[2] A true and correct copy of the United States Patent and Trademark Office TSDR records for each application is attached hereto as Exhibit B.

| | | |
|---|---|---|
| | | articles in the field of beauty, fashion, style, and self-image about multicultural women, African American women, and women of color; Online journals, namely, blogs featuring information on beauty, style, and self-image of African American women, multicultural women, and women of color; Providing a website featuring blogs and non-downloadable publications in the nature of articles in the fields of beauty and lifestyle; Entertainment and educational services, namely, exhibitions, seminars and workshops in the fields of fashion, beauty, lifestyles, and product sampling; Providing news and information in the field of personal beauty; Providing information by way of the internet in the field of beauty and hair styling, in the form of photographic, audio, and video presentations. |
| EBONY.COM PRESENTS BEAUTIFULLY BROWN<br><br>Filed: January 23, 2015 | 86/512,948 | Electronic publications, namely, blogs and online journals featuring beauty content for multicultural women, African American women, and women of color recorded on computer media; Online journals, namely, blogs featuring information on beauty, style, and self image of African American women, multicultural women, and women of color; Providing a website featuring blogs and non-downloadable publications in the nature of articles in the field(s) of beauty and lifestyle; Entertainment and educational services, namely, exhibitions, seminars and workshops in the fields of fashion, beauty, lifestyles, and product sampling; Providing news and information in the field of personal beauty; Providing information by way of the internet in the field of beauty and hair styling, in the form of photographic, audio, and video presentations. |

26. Plaintiff has used and currently uses one or more of its BEAUTIFULLY BROWN Family of Marks in interstate commerce and throughout the world in connection with a variety of media products and services, among other things as set forth in its federal trademark applications, including, but not limited to, fashion, beauty, and lifestyle magazines and other electronic publications and journals featuring beauty, style, and self-image content for African-American women, women of color, and multicultural women.

27. Since at least as early as April 15, 2013, Plaintiff used one or more of the marks comprising the BEAUTIFULLY BROWN Family of Marks in interstate commerce and within this District in connection with Plaintiff's Goods and Services.

28. Plaintiff enjoys well-established common law trademark rights in and to the BEAUTIFULLY BROWN Family of Marks in connection with Plaintiff's Goods and Services.

29. Plaintiff has made substantial investments in advertising and promoting its products and services in connection with its BEAUTIFULLY BROWN Family of Marks and has obtained significant revenue in connection with same. As a result, Plaintiff has acquired valuable goodwill in association with its BEAUTIFULLY BROWN Family of Marks.

*Defendants' Infringing Acts*

30. On or about February 2015, after Defendant Ms. Martin's termination from Plaintiff's employment, Defendants began publication of an on-line blog titled "Beautifully Brown" at the url http://www.beautifullybrown.com. See Exhibit C.

31. Upon information and belief, Defendants blog titled "Beautifully Brown" is an online journal, focusing on beauty and style content for women of color ("Defendants' Services").

32. Notwithstanding Plaintiff's prior use and established rights in and to its BEAUTIFULLY BROWN Family of Marks, on October 29, 2014, Defendant Ms. Martin filed U.S. Trademark Application Serial No. 86/438,577 for the mark BEAUTIFULLY BROWN, which Ms. Martin claims to have a bona fide intention to use in commerce in connection with an "[o]nline journal, namely, blog featuring beauty content for multicultural women" in International Class 41. See Exhibit D attached hereto.

33. Defendant Ms. Martin had actual and/or constructive notice of Plaintiff's Family of BEAUTIFULLY BROWN Marks at the time that Ms. Martin filed her trademark application with the United States Patent and Trademark Office.

34. Defendants commenced use of a BEAUTIFULLY BROWN mark without the express or implied consent of Plaintiff.

35. Defendants' BEAUTIFULLY BROWN mark and Plaintiff's Family of BEAUTIFULLY BROWN Marks are identical or virtually identical in sight, sound and meaning.

36. Plaintiff's Goods and Services and Defendants' Services, as well as the classes of consumers who purchase and utilize such goods and services and the channels through which said goods and services are sold, are identical or virtually identical.

37. Plaintiff's Goods and Services are and have been marketed and sold through various distribution channels since at least as early as April 15, 2013, which is prior to Applicant's filing of its application to register its alleged BEAUTIFULLY BROWN mark.

38. Upon information and belief, notwithstanding Plaintiff's first use in commerce of the BEAUTIFULLY BROWN Family of Marks and Defendants' distinct and actual knowledge of Plaintiff's first use of the BEAUTIFULLY BROWN Family of Marks in interstate commerce, Defendants commenced use, within the State of Illinois and in interstate commerce, of an exact replication of one or more of the marks comprising Plaintiff's BEAUTIFULLY BROWN Family of Marks in connection with Defendants' Services.

39. Defendants' use of one or more of the BEAUTIFULLY BROWN Family of Marks is likely to deceive and confuse consumers in the marketplace as to the source of Defendants' Services.

40. Defendants' use of one or more of the BEAUTIFULLY BROWN Family of Marks is likely to create a false impression in the minds of the consuming public that Defendants' use of the BEAUTIFULLY BROWN mark is endorsed, sponsored by or affiliated with Plaintiff.

41. At no time did Plaintiff authorize, license, or otherwise permit Defendants to use and/or display any of its BEAUTIFULLY BROWN Family of Marks.

42. Upon information and belief, Defendants adopted, used, and continued to use Plaintiff's BEAUTIFULLY BROWN Family of Marks with an intention to trade off of the goodwill associated with Plaintiff's Family of BEAUTIFULLY BROWN Marks.

43. In light of Defendants' actual and/or constructive notice of Plaintiff's rights in and to its BEAUTIFULLY BROWN Family of Marks, Defendants' actions are willful, deliberate, and specifically calculated to trade off the fame, reputation and goodwill associated with Plaintiff's EBONY print and on-line publications and its BEAUTIFULLY BROWN Family of Marks.

44. Defendants' past and ongoing use of the BEAUTIFULLY BROWN mark, which is identical and/or confusingly similar to Plaintiff's BEAUTIFULLY BROWN marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source or sponsorship of Defendant's goods.

45. On April 28, 2015, the United States Patent and Trademark Office issued Office Actions in connection with each of Plaintiff's three BEAUTIFULLY BROWN applications referenced in paragraphs 5 and 25 herein. The Examining Attorney cited Defendant Martin's prior pending application for the mark BEAUTIFULLY BROWN (Serial No. 86/438,577) as a potential bar to registration (if said application matures to registration), under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), causing harm to Plaintiff.

46. On September 2, 2015, Plaintiff filed a Notice of Opposition (Opposition No. 91223623) with the Trademark Trial and Appeal Board of the United States Patent and

Trademark Office against Defendant Martin's application for the mark BEAUTIFULLY BROWN (Serial No. 86/438,577).

47. Defendants' past and ongoing use of a BEAUTIFULLY BROWN mark, which is identical and/or confusingly similar to Plaintiff's BEAUTIFULLY BROWN Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law.

48. Unless Defendants are restrained and enjoined by the Court, Defendants' acts will continue to damage the goodwill associated with Plaintiff's BEAUTIFULLY BROWN Family of Marks, as well as Plaintiff's business reputation.

## COUNT I

### *Violation of Section 43(a) of the Lanham Act – Unfair Competition*

49. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 48 as if fully set forth herein.

50. Defendants used and continue to use in connection with Defendants' Goods and Services, a mark that is identical and/or confusingly similar to Plaintiff's BEAUTIFULLY BROWN Family of Marks, which constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact which is likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

51. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. § 1117.

52. Defendants' acts, as alleged herein, constitute unfair competition as contemplated by the Lanham Act, 15 U.S.C. § 1117.

53. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

54. Plaintiff has no adequate remedy at law.

55. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT II

### *Violation of Illinois Deceptive Trade Practices Act*

56. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 55 as if fully set forth herein.

57. Defendants used and continue to use in connection with Defendants' Goods and Services, a mark that is identical and/or confusingly similar to Plaintiff's BEAUTIFULLY BROWN Family of Marks, which creates a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's and Defendants' Goods and Services, as well as a likelihood of confusion or misunderstanding as to affiliation, connection, or association of or by Plaintiff and Defendants.

58. Defendants engaged and continue to engage in deceptive trade practices, which are targeted to the market generally, thereby directly implicating the consumer protection concerns invoked by the Illinois Deceptive Trade Practices Act.

59. Defendants violated and continued to violate the Illinois Deceptive Trade Practices Act, 815 ILCS 510/01, *et seq*.

60. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so. Plaintiff has no adequate remedy at law.

61. Defendants uses of Plaintiff's BEAUTIFULLY BROWN Family of Marks were and are being conducted in bad faith, in a conscious and deliberate disregard for Plaintiff's first use, and therefore rights in and to its BEAUTIFULLY BROWN Family of Marks, and were performed with the intent to deprive Plaintiff of Plaintiff's rights in and to the BEAUTIFULLY BROWN Family of Marks.

62. Accordingly, Defendants' conduct merits, and Plaintiff seeks, an award of punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future.

## COUNT III

*Trademark Infringement and Unfair Competition under Illinois Common Law*

63. Plaintiff repeats and re-alleges the allegations of paragraph 1 through 62 as if fully set forth herein.

64. Plaintiff enjoys well-established common law trademark rights in and to the BEAUTIFULLY BROWN Family of Marks as a result of its first and consistent use in commerce. Plaintiff has built significant goodwill in same.

65. Plaintiff's rights in and to the BEAUTIFULLY BROWN Family of Marks are superior to any of those Defendants claim to have in a BEAUTIFULLY BROWN mark.

66. Plaintiff first adopted and used its BEAUTIFULLY BROWN Family of Marks as a means of establishing recognition, goodwill, and reputation to describe, identify, and/or denominate Plaintiff's Goods and Services and to distinguish Plaintiff from similar goods rendered or offered by others.

67. As a result, Plaintiff built a strong brand around its BEAUTIFULLY BROWN marks.

68. Defendants used, and continue to use in connection with Defendants' Goods and Services, a mark that is identical or confusingly similar to Plaintiff's BEAUTIFULLY BROWN Family of Marks, which is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendants' Goods and Services because consumers are likely to associate or have associated Defendants' Goods and Services as originating or being sanctioned by Plaintiff[3], all to the detriment of Plaintiff.

69. Defendant has been unjustly enriched and has damaged Plaintiff's business, reputation, and goodwill.

70. Upon information and belief, Defendant's acts complained of herein were intentional, wanton and willful and with the intent to deceive the public.

71. Defendant's acts as complained of herein are likely to cause confusion, mistake or deception.

72. Defendant's acts, as alleged herein, constitute a willful deceptive act and misrepresentation of fact with intent that others rely upon such.

73. Defendant's conduct as complained of here constitutes unfair competition and trademark infringement under the common law of Illinois.

74. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so. Plaintiff has no adequate remedy at law.

---

[3] This especially rings true because individual defendant, Ms. Martin, initially had a known association with Plaintiff's Ebony.com and continues to make that association known through numerous references to her time with Ebony.com as seen on her blog. See Exhibit E.

75. Plaintiff suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

A. Find that Defendants willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1051, *et seq.*;

B. Find that Defendants committed acts of trademark infringement, unfair competition and deceptive trade practices in violation of Illinois common law and 815 ILCS 510/1, *et seq.*;

C. Preliminarily and permanently enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all person in active concert or participation with Defendants, from use of the BEAUTIFULLY BROWN Family of Marks or any other colorable imitation of Plaintiff's BEAUTIFULLY BROWN Family of Marks in any advertisement, promotion, offer for sale, sale of any goods or services, and any and all online and paper publications that are sufficiently similar to Plaintiff's Goods and Services such that confusion is likely or consumers perceive the same commercial impression;

D. Pursuant to 15 U.S.C. § 1118, order Defendants to deliver up and destroy all products, labels, signs, packages, advertisements, promotions, domain names, and all other matter in custody or control of Defendants that bears a BEAUTIFULLY BROWN mark or any other mark that is likely to be confused with Plaintiff's BEAUTIFULLY BROWN Family of Marks;

E. Order Defendant Ms. Martin to voluntarily withdraw U.S. Trademark Application Serial No. 86/438,577 with the United States Patent and Trademark Office;

F. Order the United States Patent and Trademark Office to deny registration of Defendant Martin's U.S. Trademark Application Serial No. 86/438,577, with prejudice;

G. Find Defendants liable for acts of trademark infringement, deceptive trade practices and unfair competition alleged herein;

H. Order that all third party service providers permanently shut down and/or render inactive any and all telephone numbers, facsimile numbers, email addresses, web sites, domain name registrations, social media pages, and any other method of communication by which Defendants could use a BEAUTIFULLY BROWN mark and/or engage in any of the acts alleged herein;

I. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by the Defendants resulting from the acts complained of herein;

J. Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

K. Order and award Plaintiff all pre-judgment and post-judgment interest to the extent allowed by the law;

L. Pursuant to 15 U.S.C. § 1116, order Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the Order;

M. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

N. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Respectfully Submitted,

/s/ Richard B. Biagi

Richard B. Biagi, Esq.
Illinois Bar No. 6274572
Kevin J. McDevitt, Esq.
Illinois Bar No. 6205086
**NEAL & MCDEVITT, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone: (847) 441-9100
Facsimile: (847) 441-0911
